# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | |
|---|---|
| ANGELA D. ROE, | AMENDED CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-13536-GCS-APP |
| ROOSEN, VARCHETTI & OLIVER, PLLC, and CREDIT ACCEPTANCE CORPORATION, | |
| Defendants. | DEMAND FOR JURY TRIAL |

### FIRST AMENDED COMPLAINT

NOW comes ANGELA D. ROE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ROOSEN, VARCHETTI & OLIVER, PLLC ("Roosen") and CREDIT ACCEPTANCE CORPORATION ("Credit Acceptance") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Roosen's unlawful conduct.

1

2.  Plaintiff brings this action for damages pursuant to the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Credit Acceptance's unlawful conduct.

### JURISDICTION AND VENUE

3.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern of the District of Michigan.

5.  Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and the claims arise out of common questions of law and fact.

### PARTIES

6.  Plaintiff is a consumer over-the-age of 18 residing in Wayne County, Michigan, which is located within the Eastern District of Michigan.

7.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

8.  Roosen promotes itself as "[t]he premier collection law firm[.]"[1] Roosen is a debt collection law firm with its principal place of business located at 39541 Garfield Road, Clinton Township, Michigan 48038. Roosen regularly collects upon consumers in the state of Michigan.

9.  Credit Acceptance is an auto finance company providing automobile loans and other related financial products. Credit Acceptance is a corporation organized under the laws of the state Michigan with its principal place of business located at 25505 West 12 Mile Road, Southfield, Michigan 48034.

10. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. The instant action arises out of Roosen's attempts to garnish the wages of an "Angela Roe" that is not Plaintiff ("Unknown Angela Roe").

13. Upon information and belief, Credit Acceptance purportedly obtained a judgement ("subject debt") against the Unknown Angela Roe on or about October 29, 2015. *See* Exhibit A, Request for Writ.

---

[1] http://www.rvolaw.com/

14.  The principal amount of the subject debt is $11,476.83. After $4,847.28 in postjudgment interest as well as $135.70 in postjudgment costs, the total balance said to be owed on the subject debt as of October 9, 2018 was $16,459.81. *See id.*

15. On or around October 9, 2018, Defendants filed a Request for Writ for Garnishment (Periodic) in Michigan's 91st Judicial District in an effort to collect the subject debt. *Id.*

16. Defendants' writ identified an "Angela Roe" as the Defendant to the garnishment proceedings. *Id.*

17. National Realty Centers, Inc. ("National Realty") is identified as the Garnishee on Defendants' writ. *Id.*

18. Plaintiff is employed as a realtor with National Realty.[2]

19. The Unknown Angela Roe has no connection or affiliation to National Realty, nor is there any information available *anywhere* suggesting she would be.

20. As required by Michigan Law, Defendants' writ contains a verifying statement that "Plaintiff knows or with good reason believes the garnishee is indebted or posses or controls property belonging to defendant." *Id.*, *see also* M.C.L. § 3.101(D)(3); M.C.R. 2.114(A).

21. Roosen signed the writ, indicating the veracity of the representations contained therein. *See* M.C.R. 2.114(A).

---

[2] https://www.realtor.com/realestateagents/angela-roe_livonia_mi_1497407_031584405

22. The writ was subsequently served upon National Realty on or about October 30, 2018. *See* Exhibit B, National Realty First Garnishee Disclosure Form.

23. In response, National Realty filled out the Garnishee Disclosure Form. *Id.*

24. National Realty, believing that it was in possession of or controlled property belonging to the Angela Roe sought by Defendants' writ, represented that it was obligated to pay Angela Roe during the period of the writ, further representing that it would begin to immediately garnish Plaintiff's commission payments. *Id.*

25. As required by Michigan law, National Realty sent a copy of its disclosure form to Plaintiff on or about October 31, 2018. *Id.*

26. Upon receipt of National Realty's Garnishee Disclosure Form, Plaintiff became extremely confused, emotionally distressed, and concerned, as she had never incurred any obligation with Credit Acceptance, was never served with any lawsuit that would have resulted in a judgment being entered against her, and was confused as to how her earnings could be garnished for a debt she had absolutely no connection with.

27. Seeking to address the issue, Plaintiff reached out to Defendants and National Realty in order to address the issue.

28. Defendants completely refused to speak with Plaintiff, since Plaintiff could not provide the correct verifying information (i.e., social security number) regarding the subject debt.

29. After Plaintiff pleaded with National Realty and repeatedly informed them that she was not the Angela Roe referenced in the writ, National Realty apparently realized their mistake, and submitted an Amended Garnishee Disclosure Form to Defendants on or about November 6, 2018. *See* Exhibit C, National Realty Amended Garnishee Disclosure Form.

30.   The Amended Garnishee Disclosure Form represents that National Realty is not in control of any funds of the Unknown Angela Roe who was the intended target of Defendants' writ, further representing that no garnishments would occur as a result of the writ. *Id.*

31. However, Plaintiff did not receive a copy of National Realty's Amended Garnishee Disclosure Form until February 25, 2019, after the instant matter was filed and discovery began in this case.

32. As such, Plaintiff languished for months believing that any commissions she received from National Realty would be subject to Defendants' erroneous writ for garnishment. As a result, Plaintiff refrained from attempting to sell real estate during this time period out of fear that her wages would be garnished, thus resulting in lost business opportunity.

33. Based on the above, it is clear that Defendants did not know, or have any good reason to believe, National Realty was in control or possession of any property belonging to the Angela Roe that was the intended target of their garnishment efforts.

34. Defendants' writ and the representations to the contrary contained therein constitute false, deceptive, and misleading representations – representations which *actually did* mislead and deceive National Realty into believing that Plaintiff's wages should be garnished pursuant to Defendants' writ.

35. Rather than engage in the research and investigation necessary to form knowledge or good reason to know that National Realty may be the proper garnishee, Defendants merely searched for an Angela Roe in Michigan, came across Plaintiff's readily available online employment information,[3] and began garnishment proceedings against National Realty, who in turn represented to Plaintiff that her wages would be garnished.

36. As such, Defendant was clearly fishing for an Angela Roe without engaging in the research and investigation necessary to initiate garnishment proceedings, further illustrating the false, deceptive, and misleading nature of their representations.

37. Defendants' fishing effort was additionally abusive and unfair. Through absolutely no fault of her own, Plaintiff was subjected to undue stress, anxiety, lost business opportunity, and emotional distress because Defendant abusively and

---

[3] When one searches Google for "Angela Roe Michigan" – Plaintiff's employment information is the first search result. *See* https://www.google.com/search?safe=off&rlz=1C1GCEU_enUS821US821&ei=pwWAXLrKNaHMjwTk37mIDA&q=angela+roe+michigan&oq=angela+roe+michigan&gs_l=psy-ab.3..35i39.3769.4815..4895...0.0..0.104.741.6j2......0....1..gws-wiz.......0j0i22i30j0i22i10i30.0-aK3BzMyu8

unfairly sent a writ for garnishment to her employer suggesting that her employer was in control of the property of an Angela Roe.

38. Frustrated, distressed, confused, and concerned over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights.

39. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, emotional distress, lost business opportunity, confusion, aggravation, and the embarrassment commensurate with her employer believing she owed a debt that had been reduced to judgment.

40. Plaintiff has further suffered a violation of her federally protected interests as a result of Defendants' conduct. "Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person . . . .'" *Swanson v. S. Or. Credit. Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988). As such, Defendants' conduct is the precise kind of conduct designed to be redressed by the FDCPA, illustrating how Plaintiff's federally protected interests were violated by Defendants' conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ROOSEN)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA because, through the representations in the writ for garnishment, Roosen alleged that the Angela Roe employed by National Realty – Plaintiff – owed the subject debt.

43. Roosen is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

44. Roosen identifies itself as a debt collector, and is engaged in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Roosen is also a member of multiple associations for debt collectors, such as the National Association of Retail Collection Attorneys, and the International Association of Commercial Collectors, Inc.[4]

45. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c(b)

46. Pursuant to § 1692c(b), a debt collector is prohibited from communicating with third parties in connection with its attempts to collect upon debts. *See* 15 U.S.C. § 1692c(b).

---

[4] http://www.rvolaw.com/

47. Roosen violated § 1692c(b) when it communicated with Plaintiff's employer, National Realty, regarding the subject debt. Through the writ of garnishment, Roosen alleged that the Angela Roe employed by Defendant – Plaintiff – owed the subject debt. As such, Defendant impermissibly contacted a third party regarding the subject debt in violation of § 1692c(b). It was not "reasonably necessary" for Roosen to contact National Realty, as only actions against the *correct* Angela Roe and her employer would have been reasonably necessary to effectuate a postjudgment remedy.

**b. Violations of FDCPA § 1692d**

48. The FDCPA, pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

49. Roosen violated § 1692d when it engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. By representing to National Realty that it knew or had good to reason to know that National Realty was in control of or possessed property of the Angela Roe referenced in the writ, Roosen's conduct resulted in harassing, oppressing, and abusing Plaintiff. As a result of Roosen's conduct, she was left with the impression that her wages would be garnished pursuant to a debt she never incurred. Believing you will be garnished for

a debt you do not owe causes one to undoubtedly feel harassed, oppressed, and abused, and Roosen's conduct had the natural consequence of creating such results.

### c.  Violations of FDCPA § 1692e

50. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

52. Roosen violated §1692e, e(2) and e(10) when it falsely, deceptively, and misleadingly represented to National Realty that it knew, or had good reason to know, that National Realty was in control or possession of property owed to the Angela Roe referenced in the writ for garnishment. The facts underpinning the instant action demonstrate that Defendants lacked any knowledge, or a good reason to have knowledge, that National Realty was in control of property owed to the Unknown Angela Roe. Instead, it is clear that Roosen merely engaged in a cursory investigation and initiated garnishment proceedings against the first Angela Roe whose employment information was readily available online. The deceptive and misleading nature of Roosen's representations is further evinced by the fact that its

11

conduct actually did mislead and deceive National Realty into believing that Plaintiff's wages should be garnished, in turn causing Plaintiff substantial injury. "The Court concludes that applying § 1692e to communications made to an employer furthers the FDCPA's purpose of protecting consumers because, as here, employer-garnishees are gatekeepers to involuntary payments made in satisfaction of an employee's purported debts. Due to the nature of the employment relationship, a misleading statement made to an employer in connection with a garnishment has the capacity to mislead and harm a consumer in ways the FDCPA was intended to prohibit." *Scott v. Portfolio Recovery Assocs., LLC,* 139 F. Supp. 3d 956, 967 (S.D. Iowa 2015).

### d. Violations of FDCPA § 1692f

53. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. Roosen violated §1692f when it unfairly and unconscionably engaged in a fishing expedition which brought Plaintiff within the purview of its collection activities. Through no fault of her own, Plaintiff was forced to endure significant emotional distress, lost work opportunity, stress, and anxiety resulting from her fear that she would have her wages garnished for a debt with which she had absolutely no connection. Roosen unfairly and unconscionably sought to initiate garnishment proceedings first, and ask questions later, resulting in damages to Plaintiff. Such

conduct engaged in by an attorney debt collector is especially unfair and unconscionable given their heightened status and ability to directly utilize the legal system in connection with their debt collection efforts.

55. As discussed above, Plaintiff has been harmed and suffered concrete damages as a result of Roosen's illegal actions.

WHEREFORE, Plaintiff, ANGELA D. ROE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
(AGAINST CREDIT ACCEPTANCE)

56. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

58. Credit Acceptance is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

59. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(e)

60. The MCPA, pursuant to M.C.L. § 445.252(e), prohibits a regulated person from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt . . . ."

61. Credit Acceptance violated § 445.252(e) of the MCPA through the indication in the writ for garnishment that it knew, or had reason to know, that National Realty was in possession or controlled property owed to the Angela Roe referenced in the writ for garnishment. As discussed above, Credit Acceptance's representations resulted in National Realty being deceived into believing that Plaintiff's wages needed to be garnished. However, Credit Acceptance's representations were demonstrably false, deceptive, and misleading, as it is clear it did not know or have reason to know that National Realty was in possession or controlled property owed to the Angela Roe referenced in the writ.

### b. Violations of M.C.L. § 445.252(i)

62. Pursuant to M.C.L. § 445.252(i), a regulated person shall not "communicat[e] information relating to a debtor's indebtedness to an employer or employer's agent unless" one of several exceptions are met.

63. Credit Acceptance violated § 445.252(i) by virtue of sending or causing to be sent the writ of garnishment to Plaintiff's employer. Through the writ, Credit Acceptance represented that the Angela Roe employed by National Realty – Plaintiff – owed the subject debt and that her wages should be garnished accordingly. While also a false statement, such conduct is similarly impermissible contact with a debtor's employer, and thus a violation of the MCPA. Credit Acceptance's conduct does not fall into either of the three exceptions to communications with employers.

### c. Violations of M.C.L. § 445.252(n)

64. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt."

65. Credit Acceptance violated § 445.252(n) when it harassing, oppressively, and abusively sent of writ of garnishment to Plaintiff's employer which resulted in Plaintiff fearing that her wages would be garnished.

### d. Violations of M.C.L. § 445.252(q)

66. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

67. Credit Acceptance violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Based on the facts outlined in this Complaint, Credit Acceptance clearly does not have adequate procedures in place designed to ensure that it initiates garnishment proceedings against the correct employers of its purported debtors.

68. Credit Acceptance's violations of the MCPA were willful. Credit Acceptance willfully provided misleading and deceptive information to Plaintiff's employer, which in turn resulted in harassing, oppressing, and abusing Plaintiff.

WHEREFORE, Plaintiff, ANGELA D. ROE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 445.257(2);

d. Awarding statutory damages of at least $50.00, including treble damages up to $150.00, pursuant to M.C.L. § 445.257(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2); and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 8, 2019                              Respectfully submitted,

s/ Ahmad T. Sulaiman

Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

17