UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA D. ROE,

    Plaintiff,

vs.

Case No. 2:18-cv-13536

ROOSEN, VARCHETTI & OLIVIER,
PLLC and CREDIT ACCEPTANCE
CORPORATION,

    Defendants.

_____/

## DEFENDANT ROOSEN, VARCHETTI & OLIVER, PLLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND BRIEF IN SUPPORT

ROOSEN, VARCHETTI & OLIVIER, PLLC ("RVO") states as follows for its Response in Opposition to Plaintiff's Motion for Leave to Amend and Brief in Support:

### RESPONSE TO MOTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

03064130 v1

5. Plaintiff has not taken any discovery but has responded to RVO's discovery. Therefore, Plaintiff has not learned anything new about this case that warrants amending her Complaint.

6. Leave to amend should not be allowed when, as here, amendment would be futile. *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005).

7. Leave to amend should not be allowed when, as here, amendment would be futile. *Id.*

8. Denied.

9. Denied.

10. Admitted as to RVO.

WHEREFORE, there being no just cause otherwise, Roosen Varchetti & Olivier, PLLC respectfully asks the Court to deny Plaintiff's Motion.

## BRIEF IN SUPPORT

**Questions presented**:

1. If leave to amend futile when Plaintiff's claims are based solely on the fact that she shares a name with a judgment debtor?

**Principal authority**

*Kujawa v. Palisades Collection, LLC,* 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008)

A. **Introduction.**

Plaintiff shares a name with a judgement debtor. Pursuant to its efforts to collect on a judgment entered against the judgment debtor, RVO applied for and received a writ of garnishment on National Realty Centers. The writ contained the name and the social security number of the judgment debtor. National Realty Centers employs Plaintiff but not the judgment debtor, a circumstance National Realty determined by comparing the social security number on the writ with its employee's social security number. Because the writ did not seek to garnish Plaintiff's wages, Plaintiff's wages were never garnished.

Because she had no claim under the FDCPA, RVO sent Plaintiff a draft Rule 11 motion. Twenty one days after the motion was served, Plaintiff filed the instant motion seeking to amend her complaint to include the allegation that RVO violated the FDCPA when it requested the writ because it had no reason to believe that the judgment debtor was employed by National Realty and because it "communicated" with National Realty about the debt. The new allegations suffer from the same fatal flaw as the initial allegations: "The aggravation plaintiff likely suffered as a result of having the same name as the debtor simply does not make out a violation of the FDCPA." *Kujawa v. Palisades Collection, LLC,* 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008). *See also Williams v. Web Equity Holdings, LLC,* Case No. 13-CV-13723, 2014 WL 3845952 at *4 (E.D. Mich. Aug. 5, 2014) ("Although the

Father may have experienced irritation at having the same name as the debtor, Defendants do not violate the FDCPA simply by contacting the wrong party.") The motion must be denied, accordingly.

**B. Background.**

Angela Roe ("Plaintiff") filed the instant suit, contending that RVO violated §1692e(2), §1692e(10) and §1692f of the Fair Debt Collections Practice Act ("FDCPA") when it served a writ of garnishment to enforce a judgment entered against a different woman named "Angela Roe." RVO served the writ of garnishment on National Realty that included the full social security number of the judgment debtor, not Plaintiff. National Realty received a copy of the writ on October 30, 2018. It did not withhold any wages from Plaintiff because the social security number on the writ did not match that of its employee named Angela Roe, *i.e.* the Plaintiff. Plaintiff nonetheless called RVO, demanding to speak to someone about the writ. Because Plaintiff was not the judgment debtor and in light of the prohibitions in 15 U.S.C. §1692c(b), RVO did not discuss the writ or the debt with her.

In short, taking the proposed facts as true, RVO did not attempt to garnish Plaintiff's wages. Neither Plaintiff nor her employer could have reached a contrary conclusion because the writ contained the social security number of the judgment debtor, not Plaintiff.

### C. Argument.

#### a. Legal standard.

Leave to amend need not be granted when the proposed amendment is futile. *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005). An amendment is futile when it could not survive a motion to dismiss. *Id.*

#### b. RVO did not violate the FDCPA when it applied for the writ.

There is no dispute that RVO was attempting to collect on a lawful judgment when it applied for the writ. Under the Michigan Court Rules, in applying for the writ, RVO had to list the judgment debtor's social security number and represent that it had "good reason to believe" that the garnishee defendant (here National Realty) was obligated to make periodic payments to the person identified in the writ. *See* MCR 3.101(D)(3). Plaintiff seeks to amend her complaint to plead that a Google search for "Angela Roe Michigan" reveals that an "Angela Roe" is employed at National Realty. *See* [Proposed] First Amended Complaint at ¶35, n. 3. She also pleads that this is what RVO did prior to applying for the writ. *Id.*

Even if this were true (and it is not), RVO's actions did not violate the FDCPA. Whether RVO's request for a writ was misleading must be judged by whether the "least sophisticated consumer" would be deceived by the writ. *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1028 (6th Cir. 1992). A name is not a unique identifier; a social security number is. The writ had the name of the

judgment debtor and the unique social security number of the judgment debtor. Neither National Realty nor Plaintiff could be deceived into thinking the writ was directed at Plaintiff because they both knew Plaintiff's unique social security number and knew that the social security number on the writ was not Plaintiff's. Indeed, that is *why* Michigan law requires a social security number to be included on a writ.

Plaintiff's theory is not new and the case law is clear. Plaintiff does not state a claim under either 1692e or 1692f when she knew that the defendant was not attempting to collect a debt against her. *Kujawa, supra; Kaniewski v. National Action Financial Services,* 678 F.Supp. 2d 541, 546 (E.D. Mich 2009); *Hill v. Javitch, Block & Rathbone, LLP,* 574 F. Supp. 2d 819 (S.D. Ohio 2008) (dismissing FDCPA case where even least sophisticated consumer would know defendant was not attempting to collect a debt from plaintiff).

The *Kujawa* case is directly on point. In that case, the plaintiff shared a name with the judgment debtor. The defendant law firm mailed a copy of the judgment and garnishment documents that included the name and social security number of the judgment debtor, but mailed the documents to the plaintiff at his home address. *Kujawa,* 614 F. Supp. 2d at 790. A second suit was filed against the debtor, and served on the plaintiff at his home address. A default was entered. *Id.* In connection with that case, the defendant filed a judgment lien in Oakland

County with the plaintiff's address listed on the lien. Plaintiff moved to vacate the default, but his efforts were denied because he was not the judgment debtor. He then sued under the FDCPA. The *Kujawa* court held that the plaintiff "knew defendants were *not* attempting to collect on a debt owed by him" because the documents he was provided contained the judgment debtor's social security number, not the plaintiff's. *Kujawa,* 614 F. Supp. 2d at 792 - 793 (emphasis in original). The court therefore granted judgment to the defendant under the FDCPA.

The same result is warranted here. Plaintiff shares a name with the judgment debtor, but the writ contained the judgment debtor's unique social security number, not Plaintiff's. Indeed, Plaintiff pleads that National Realty only provided her with the initial disclosure statement (which was neither filed with the district court or served on RVO) and notified her about the writ because ***National Realty*** made a ***mistake***. *See* [Proposed] First Amended Complaint at 29, ECF 15-2, PageID 29. In other words, RVO completed the request for writ with all of the information necessary to distinguish the judgment debtor from other women named "Angela Roe." National Realty (apparently) ignored this information but National Realty's error does not support a claim against RVO for violating the FDCPA.

Plaintiff attempts to plead around the *Kujawa* line of cases by characterizing the alleged deception as being RVO's representing in the request for a writ that it had good reason to think that the judgment debtor - named Angela Roe - worked at National Realty. Angela Roe *did* work for National Realty. The fact that Angela Roe works for National Realty is "good reason" for RVO to believe that Angela Roe works for National Realty. Moreover, the Michigan Court Rules disincentivize debt collectors from serving writs without a good faith belief that the effort would lead to collection in that debt collectors are not allowed to recoup the costs attendant to a garnishment unless the writ leads to collection. *See* MCR 3.101(R). In other words, the Michigan Court Rules enforce "good reason" in the writ application by making a debt collector who was mistaken pay the costs of its mistake. Being wrong in a writ application does not mean the debt collector acted deceptively.

Finally, RVO did not harass Plaintiff when it requested the writ or otherwise violate §1692d. RVO did not even notify Plaintiff that a writ had issued; it notified the ***judgment debtor*** as required by the Michigan Court Rules. Plaintiff only learned of the writ because National Realty mistakenly completed a disclosure form indicating that it employed the judgment debtor and provided a copy to Plaintiff. *See,* Garnishee Disclosure, ECF 15-4, PageID 89. Once National Realty compared the social security number on the writ with the social security number of

its employee (something it should have done prior to completing the disclosure), it amended the disclosure to indicate that the judgment debtor was not the "Angela Roe" who worked for it. *See* Amended Garnishee Disclosure, ECF 15-5, PageID 91. This is not a case where RVO used Plaintiff's social security number or failed to include any information specifically and uniquely related to the judgment debtor in attempting to garnish wages. Rather, it had reason to believe that the only the wages of the judgment debtor named "Angela Roe" would be garnished.

National Realty, not RVO, told Plaintiff that her wages would be garnished, and this was not true and not what RVO requested in the writ. *See* [Proposed] Amended Complaint at ¶35. National Realty realized that it did not employ the judgment debtor and so stated in its disclosure. The fact that National Realty did not relay this information to Plaintiff after notifying her of the writ is the fault of National Realty, not RVO. In any event, it does not constitute "harassment" by RVO under §1692d.

### c. Plaintiff lacks standing to assert a claim under §1692c because she is not a consumer.

Plaintiff also hopes to bring a claim under §1692c(b) on the theory that RVO communicated with her employer about the debt. Only a "consumer" has standing to bring claims under §1692c. *Montgomery v. Huntington Bank,* 346 F.3d 693, 696 (6th Cir. 2003). A "consumer" under the FDCPA is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). "Debt" is

defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

Here, Plaintiff does not allege in her proposed pleading that the judgment RVO was collecting was a "debt" under the FDCPA. This alone is grounds for denying the motion. *Walker v. Lyons, Doughtey & Veldhuis,* Case No.18-cv-513, 2019 WL 1227792 at * 2 (S.D. Ohio March 15, 2019) (dismissing complaint with prejudice where plaintiff failed to plead facts demonstrating debt at issue satisfied FDCPA definition and collecting cases). Moreover, Plaintiff is not actually or allegedly liable on the judgment and therefore is not a consumer. As such, she lacks standing to bring a claim under §1692c(b). *Kaniewski,* 678 F. Supp. 2d at 545.

In any event, §1692c(b) provides that communications with third-parties is permitted when "reasonably necessary to effectuate a post-judgment remedy." A writ of garnishment is a "post judgment remedy" and serving a writ on a potential employer is "reasonably necessary" to effectuate a wage garnishment. Plaintiff has no claim under §1692c(b), even if she had alleged the judgment was a "debt" and even if she were a consumer. Leave to amend must be denied, accordingly.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

/s/ *Kathleen H. Klaus*
Kathleen H. Klaus
*Attorney for Defendant RVO only*
Attorney Bar No. P67207

Dated: March 22, 2019

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

/s/ *Kathleen H. Klaus*
Kathleen H. Klaus (P67207)
Maddin, Hauser, Roth & Heller, P.C.
Attorneys for Defendant RVO only
28400 Northwestern Highway
2nd Floor
Southfield, MI  48034
(248) 359-7520
kklaus@maddinhauser.com
Attorney Bar No. P67207

DATED: March 22, 2019