UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA D. ROE,

    Plaintiff,

vs.

Case No. 2:18-cv-13536

ROOSEN, VARCHETTI & OLIVIER,
PLLC and CREDIT ACCEPTANCE
CORPORATION,

    Defendants.
_____/

## DEFENDANT ROOSEN, VARCHETTI & OLIVER, PLLC'S MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT

Defendant, ROOSEN, VARCHETTI & OLIVIER, PLLC ("RVO") states as follows for its Motion for Summary Judgment and Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction and Brief in Support:

## MOTION

1.     On October 20, 2015, RVO obtained a judgment in favor of its client Credit Acceptance Corporation ("CAC") and against Angela Roe in the amount of $11,476.83. *See* Judgment, attached as Exhibit A.

2.     On October 15, 2018, RVO applied for and received a writ of periodic garnishment addressed to National Realty Centers, Inc. ("National Realty"), seeking to garnish the wages of Angela Roe. *See* Writ, attached as Exhibit B. As required

by the Michigan Court Rules, the Writ included the full social security number of the Angela Roe against whom the judgment was entered.

3. Plaintiff is named "Angela Roe" and works at National Realty, but she is not the judgment debtor. Because Plaintiff's social security number is different than the social security number on the writ, National Realty did not garnish any of Plaintiff's wages. *See* Disclosure, attached as Exhibit C; Answers to Requests for Admission at No. 10, attached as Exhibit D.

4. Plaintiff nonetheless filed the instant action against RVO, alleging that RVO engaged in "deceptive" and "unfair" collection activities in violation of §1692e and §1692f of the Fair Debt Collection Practices Act ("FDCPA").

5. Plaintiff's case fails for two reasons. First, Plaintiff has not suffered an "actual injury" under the FDCPA sufficient to confer standing on this Court. This case therefore should be dismissed for lack of subject matter jurisdiction.

6. Second, sharing the name of a judgment debtor is an unfortunate circumstance, but, as a matter of law, does not support a cause of action under the FDCPA.

7. As set forth more fully in the accompanying Brief in Support, Plaintiff's claims under the FDCPA fail as a matter of law and RVO is entitled to summary judgment in its favor.

8. Pursuant to Local Rule 7.1, RVO sought Plaintiff's concurrence in the relief sought and that concurrence was denied.

# BRIEF IN SUPPORT

## Questions presented:

1. Do the undisputed facts establish a claim under the FDCPA?

2. Do the undisputed facts support a finding of an "actual injury" under the FDCPA sufficient to confer jurisdiction on this Court?

## Principal authority

*Lyshe v. Levy*, 854 F.3d 855 (6th Cir. 2017)

*Kujawa v. Palisades Collection, LLC*, 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008)

## A. Introduction.

Plaintiff shares a name with a judgement debtor. Pursuant to its efforts to collect on a lawful judgment, RVO applied for and received a wage garnishment on National Realty Centers that named "Angela Roe" as the debtor and contained the social security number of the judgment debtor. National Realty Centers employs Plaintiff but not the judgment debtor, a circumstance it determined by comparing the social security number on the writ with its employee's social security number. *See* Exhibit C. Plaintiff's wages were never garnished. *See* Exhibit D.

Plaintiff nonetheless claims RVO violated the FDCPA and that she suffered cognizable injuries as a result. She makes this argument in the face of case law that squarely holds: "The aggravation plaintiff likely suffered as a result of having the same name as the debtor simply does not make out a violation of the FDCPA." *Kujawa v. Palisades Collection, LLC,* 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008). *See also Williams v. Web Equity Holdings, LLC,* Case No. 13-CV-13723, 2014 WL 3845952 at *4 (E.D. Mich. Aug. 5, 2014) ("Although the Father may have experienced irritation at having the same name as the debtor, Defendants do not violate the FDCPA simply by contacting the wrong party.") Because this is all Plaintiff contends, RVO is entitled to judgment in its favor.

## B. Background.

On October 20, 2015, RVO obtained a judgment in favor of its client CAC and against Angela Roe in the amount of $11,476.83. *See* Judgment, attached as Exhibit A. On October 15, 2018, RVO applied for and received a writ of periodic garnishment addressed to National Realty Centers, Inc., seeking to garnish the wages of Angela Roe. *See* Writ, attached as Exhibit B. As required by the Michigan Court Rules, the Writ included the full social security number of the Angela Roe against whom the judgment was entered. *Id.*

On November 6, 2018, National Realty Centers, Inc. submitted a garnishee disclosure, indicating that it did not employ the Angela Roe identified on the writ. *See* Disclosure, attached as Exhibit C. The Disclosure expressly states that the social security number on the writ does not match the social security number of the Angela Roe it employs. *Id.* Plaintiff admits that none of her wages were withheld pursuant to the writ. *See* Answers to Requests for Admission No. 10, attached as Exhibit D.

At some point, Plaintiff contacted RVO and RVO refused to discuss the debt with her because she was not able to provide the social security number of the Angela Roe against whom the judgment was entered. *See* Complaint at ¶¶ 15 – 17, ECF 1, PageID 4. Plaintiff then filed the instant suit, contending that RVO violated

§1692e(2), §1692e(10) and §1692f of the Fair Debt Collections Practice Act ("FDCPA") when it served the writ.

**C. Argument.**

### 1. RVO is entitled to summary judgment.

#### a. Legal standard.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Matshushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court does not "weigh the evidence and determine the truth of the matter" but determines "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id* at 252. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id* at 247-248. (emphasis in original).

### b. The FDCPA does not recognize a claim based on the fact that the plaintiff shares a name with the debtor.

As an initial matter, Plaintiff does not allege that RVO was attempting to collect a "debt" as that term is defined under the FDCPA. 15 U.S.C. §1692a(5). The FDCPA only applies to efforts to collect debts that were incurred for personal family or household reasons. *Wallace v. Washington Mut. Bank, F.A.*, 683 F. 3d 323, 326 (6th Cir. 2012) (setting forth elements of *prima facie* case under the FDCPA). The failure to establish one element of the claim is fatal. *Whittaker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). Plaintiff did not plead anything about the "debt", and her case fails on this ground alone. *Walker v. Lyons, Doughty & Veldhuis, P.C.*, Case No. 18-CV-513, 2019 WL 1227792 (S.D. Ohio March 15, 2019).

Moreover, Plaintiff's theory is RVO acted deceptively and unfairly by trying to "garnish the wages of an innocent third party" and by refusing to talk to her about the debt. *See* Complaint at ¶¶30, 32, PageID 6, 7. Section 1692e(2) bars the false representation of the "character, amount or legal status" of any debt. Section 1692e(10) bars the use of "false representations" or "deceptive means" to collect or attempt to collect a debt and § 1692f generally prohibits "unfair" or "unconscionable" collection practices.

There is no dispute that RVO was attempting to collect on a lawful judgment when it applied for the writ. Whether RVO's actions were nonetheless "misleading"

or "unfair" must be judged by whether the "least sophisticated consumer" would be deceived by the writ. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). A name is not a unique identifier; a social security number is. The writ had the name and the unique social security number of the judgment debtor. Neither National Realty nor Plaintiff could be deceived into thinking the writ was directed at Plaintiff, because they both knew Plaintiff's unique social security number and knew that the social security number on the writ was not Plaintiff's. A plaintiff does not state a claim under either 1692e or 1692f when she knew that the defendant was not attempting to collect a debt against her. *Kujawa, supra; Kaniewski v. National Action Financial Services*, 678 F. Supp. 2d 541, 546 (E.D. Mich 2009); *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819 (S.D. Ohio 2008) (dismissing FDCPA case where even least sophisticated consumer would know defendant was not attempting to collect a debt from plaintiff).

The *Kujawa* case is directly on point. In that case, the plaintiff shared a name with the judgment debtor. The defendant law firm mailed a copy of the judgment and garnishment releases that included the name and social security number of the judgment debtor, but were mailed to the plaintiff at his home address. *Kujawa*, 614 F. Supp. 2d at 790. A second suit was filed against the debtor, and served on the plaintiff at his home address. A default was entered. *Id.* In connection with this case, the defendant filed a judgment lien in Oakland County with the plaintiff's

address listed. Plaintiff moved to vacate the default, but his efforts were denied because he was not the judgment debtor. He then sued under the FDCPA. The *Kujawa* court held that the plaintiff "new defendants were *not* attempting to collect on a debt owed by him" because the documents he was provided contained the judgment debtor's social security number, not the plaintiff's. *Kujawa,* 614 F. Supp. 2d at 792 - 793 (emphasis in original). It therefore granted judgment to the defendant under the FDCPA.

The same result is warranted here. Plaintiff shares a name with the judgment debtor, but the writ contained the judgment debtor's unique social security number, not Plaintiff's. In other words, RVO completed the request for writ with all of the information necessary to distinguish the judgment debtor from other women named "Angela Roe," including Plaintiff. In doing so, it did not act deceptively or unfairly, as a matter of law.

Finally, the FDCPA bars RVO from discussing the judgment-debtor's account with Plaintiff. 15 U.S.C. §1692c(b). In other words, RVO was *following* the FDCPA, not violating it, in declining to discuss Angela Roe's debt with Plaintiff. Plaintiff has no claim against RVO for refusing to discuss the debt.

3. **Plaintiff has not suffered a concrete injury.**

   a. **Legal standard.**

The plaintiff has the burden of proving that a federal court has subject matter

jurisdiction over the action. *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). Motions addressed to lack of under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). On a factual attack, there is "no presumptive truthfulness in the allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power in the case." *Id.*

### b. Plaintiffs have not suffered an actual injury.

Under Article III of the United States Constitution, federal jurisdiction is limited to "cases" and controversies" and standing is "an essential and unchanging part of" this requirement. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). If the plaintiff lacks standing, the federal court lacks jurisdiction. Thus, standing is "the threshold question in every federal case." *Warth v. Seldin,* 422 U.S. 490, 498 (1975).

In *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016), the Supreme Court addressed the "[f]irst and foremost" of standing's three elements, *i.e.* that the plaintiff had to show that he or she suffered harm that was "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560. *Spokeo* clarified a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo,* 136 S.Ct. at

1549. Specifically, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* 1549 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) and *Lujan*, 504 U.S. at 572).

In *Lyshe v. Levy*, 854 F.3d 855 (6th Cir. 2017), the plaintiff alleged a violation of the FDCPA arising out of misrepresentations made by the defendants in discovery requests in a state court collection action. The *Lyshe* court found that the plaintiff did not have Article III standing, because:

> [The] violation alleged here – a violation of a state law procedure not required under [the] FDCPA – is not the type contemplated by *Spokeo*, which dealt with the failure to comply with a statutory procedure that was designed to protect against the harm the statute was enacted to prevent. *Lyshe*, 854 F.3d at 859.

The *Lyshe* court concluded that a debt collector's misrepresentation to a debtor "is not the type of abusive debt collection practice the FDCPA was designed to prevent; therefore, it is not a concrete harm." *Lyshe*, 854 F.2d at 861-862.

Here, the conduct at issue does not concern misrepresenting the amount, source or nature of a debt, but in serving a writ on National Realty when National Realty did not employ the debtor. Plaintiff claims this left her "confused" [Complaint at ¶¶ 21 – 22, PageID 5] but there would be no "confusion" on whether RVO was attempting to collect a debt against her if Plaintiff compared the social

security number on the writ with her own social security number.[1] The "least sophisticated consumer standard" will not support "bizarre or idiosyncratic interpretations of collection notices" and assumes "a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Fed Home Loan Mortg. Corp. v. Lamar,* 503 F.3d 504, 509- 510 (6th Cir. 2007). Plaintiff's allegations of "injury" by confusion fail to meet this standard because they are idiosyncratic and utterly implausible.

The FDCPA was designed to protect against ***abusive*** collection practices. *Id., citing Lyshe,* 854 F. 3d. at 859. *Jerman v. Carlisle McNellie Rini Kramer & Ulrich, LPA,* 559 U.S. 573, 577 (2010), emphasis added. Plaintiff does not allege that serving the writ on National Realty created a risk that she would pay a debt she did not owe or an amount in excess if what she owed because the writ contained the social security number of the debtor, not Plaintiff. The writ was not abusive in that it invaded Plaintiffs' privacy or constituted a "threat of violence" or harassment. *See* S. Rep. 95-382 (Aug. 2, 1977). Plaintiff simply cannot fit the "confusion" she alleged to have endured into a "harm" the FDCPA was designed to prevent and

---

[1] Plaintiff also claims to have incurred "costs and expenses" but refused to provide any information on what those "costs and expenses" may be, on privilege grounds. *See* Exhibit E at Interrogatory 2. Plaintiff cannot put these alleged damages at issue and refuse to provide any information on them under the guise of "attorney client privilege." *Ross v. City of Memphis,* 423 F. 3d 596, 604 (6th Cir. 2005) (attorney client privilege cannot be used as sword and shield.)

therefore has not suffered an injury as a result of RVO's alleged violation of §§1692e or 1692f.

Under *Lyshe,* a plaintiff suffers an actual injury only when the injury was the type of injury the statute was designed to prevent. *Lyshe,* 854 F.3d at 859. Here, Plaintiffs' alleged "confusion" did not create a concrete injury under the FDCPA sufficient to trigger this Court's exercise of its subject matter jurisdiction. The Complaint must be dismissed, with prejudice, accordingly.

### D. Conclusion.

Plaintiff is an example of "the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by this statute, not the individual who has been threatened or misled." *Federal Home Loan Mortgage v. Lamar,* 503 F.3d 504, 513 (6th Cir. 2007). She did not suffer an injury and RVO did not violate the FDCPA in pursuing lawful collection remedies against someone with whom Plaintiff shares a name. RVO is entitled to judgment in its favor, accordingly.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

*/s/ Kathleen H. Klaus*
Kathleen H. Klaus
*Attorney for Defendant RVO only*
Attorney Bar No. P67207

Dated: March 22, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

                               */s/ Kathleen H. Klaus*
                               Kathleen H. Klaus (P67207)
                               Maddin, Hauser, Roth & Heller, P.C.
                               Attorneys for Defendant RVO only
                               28400 Northwestern Highway
                               2nd Floor
                               Southfield, MI 48034
                               (248) 359-7520
                               kklaus@maddinhauser.com
                               Attorney Bar No. P67207

DATED: March 22, 2019