UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA D. ROE,

    Plaintiff,

vs.

Case No. 18-CV-13536
HON. GEORGE CARAM STEEH

ROOSEN, VARCHETTI
& OLIVER, PLLC, et al.,

    Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND (Doc. 15), AND
DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (Doc. 20) AS MOOT

Plaintiff Angela Roe brought this suit against Defendants Roosen, Varchetti & Oliver, PLLC, ("Roosen") and Credit Acceptance Corporation ("Credit Acceptance") for submitting a writ of garnishment to her employer, which included the social security number of the actual debtor who shared her same name, in alleged violation of the Fair Debt Collection Practices Act ("FDCPA") and under Michigan law. Now before the court is Plaintiff's motion to amend her Complaint. Also pending is the matter of whether this action should be dismissed for Plaintiff's lack of standing which has been thoroughly briefed. For the reasons set forth below, this court has Article III subject matter jurisdiction over the First Amended Complaint, Plaintiff's

- 1 -

motion to amend (Doc. 15) shall be GRANTED IN PART and DENIED IN PART such that Plaintiff may proceed with all claims except for her 15 U.S.C. § 1692d claim.

## I. Factual Background

Roosen is a collection agency, and Credit Acceptance is an auto finance company which provides automobile loans. Credit Acceptance obtained a judgment against a debtor other than the Plaintiff with the same name of Angela Roe. On October 9, 2018, Defendants filed a request for a writ of garnishment in Michigan's 91st Judicial District. The garnishee was identified as National Realty Centers, Inc. ("National Realty"). Plaintiff works for National Realty as a real estate agent on a commission basis. The writ was served on National Realty on October 30, 2018. National Realty sent a copy of its garnishee disclosure form to Plaintiff on October 31, 2018. According to Plaintiff, receipt of the garnishee disclosure form caused her to be extremely confused and emotionally distressed. She tried to speak to Defendants about the debt, but when she could not provide the correct verifying information, namely the social security number, they would not speak to her.

On November 13, 2018, Plaintiff filed this lawsuit. One week before the suit was filed, on November 6, 2018, her employer learned that Plaintiff

was not the debtor named Angela Roe identified in the writ, and submitted an amended garnishee disclosure form to Defendants. Plaintiff's wages were never garnished. Plaintiff did not learn of the amended garnishee disclosure form until February 25, 2019. Plaintiff alleges she refrained from selling real estate during this time period for fear her wages would be garnished.

Plaintiff's original Complaint alleges that Defendants violated 15 U.S.C. §§ 1692e and 1692f, and Michigan's Occupational Code, M.C.L. § 339.915(f)(ii). In her First Amended Complaint, Plaintiff pleads these same FDCPA claims, but also seeks to add claims for alleged violations of § 1692c(b) and § 1692d. Plaintiff also seeks to add claims under the Michigan Collection Practices Act, M.C.L. §§ 445.252(e)(i)(n)(q). In opposition to Plaintiff's motion to amend, Defendants argue all of the FDCPA claims should be dismissed for failure to state a claim. For the reasons set forth below, Plaintiff's motion to amend shall be granted in part as to §§ 1692e, 1692f and 1692d and denied in part and Plaintiff's claim under § 1692d. The parties have not addressed the supplemental state law claims; thus, the court does not do so either.

## II. Analysis

*A. Article III Standing*

As a threshold matter, the court must determine whether Plaintiff has Article III standing to bring this action. Standing requires three elements. "First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Macy v. GC Servs. Ltd. P'ship,* 897 F.3d 747, 752 (6th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.* (quoting *Lujan*, 504 U.S. at 560-610). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Lujan*, 504 U.S. at 561). Also, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo. Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

In assessing whether Plaintiff has Article III standing, the court is mindful that the Sixth Circuit has determined that the FDCPA is an

## II. Analysis

*A. Article III Standing*

As a threshold matter, the court must determine whether Plaintiff has Article III standing to bring this action. Standing requires three elements. "First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Macy v. GC Servs. Ltd. P'ship,* 897 F.3d 747, 752 (6th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.* (quoting *Lujan*, 504 U.S. at 560-610). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Lujan*, 504 U.S. at 561). Also, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo. Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

In assessing whether Plaintiff has Article III standing, the court is mindful that the Sixth Circuit has determined that the FDCPA is an

extraordinarily broad statute. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). Through the enactment of the FDCPA, "Congress addressed itself to what it considered to be a widespread problem, and to remedy that problem it crafted a broad statute." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). The Sixth Circuit has noted that the FDCPA should be applied broadly according to its terms. *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012). Defendants argue that the FDCPA was designed to address solely "abusive" debt collection practices, and is not meant to address cases of mistaken identity as is the case here. But the legislative history of the FDCPA reveals that Congress was concerned with cases of mistaken identity and debt collectors trying to recover from the wrong persons. Specifically, a Senate Report states that the purpose of the Act's debt verification is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rpt. 95-382 at 4 *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. A House report noted Congressional intent to regulate collection activities based on either "mistaken identity or mistaken facts." H.R.REP. No. 131, at 8.

Defendants rely on *Lyshe v. Levy*, 854 F.3d 855 (6th Cir. 2017) for the proposition that Plaintiff lacks standing.  In *Lyshe*, the Sixth Circuit found that plaintiffs had not alleged concrete harm sufficient to establish standing.  *Id.* at 861.  In that case, plaintiffs' alleged FDCPA violations arose when defendants attempted to collect plaintiffs' debt in state court, and misrepresented that plaintiffs' discovery responses needed to be sworn and notarized, when in fact they did not.  *Id.* at 860.  The Sixth Circuit found that the procedural violation alleged – a violation of state law procedure not required under the FDPCA – was not the type of harm the FDPCA was designed to prevent.  *Id.*  Here, by contrast, the challenged conduct involves Defendants' attempt to garnish the wages of the wrong person, which is the very type of abuse the FDPCA was enacted to curb.

Defendants also argue that because they included the correct social security number on the writ, Plaintiff's employer is solely responsible for any harm to Plaintiff.  Defendants have cited no authority in support of this proposition, and the court is aware of none.  In a related context, the Eighth Circuit held that serving plaintiff's attorney with discovery requests on extinguished debt amounts to concrete injury as representations to a consumer's attorneys routinely come to the consumer's attention.  *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 690 (8th Cir. 2017).

Similarly, service of a writ of garnishment on an employer is likely to come to the employee's attention, just as it did here.

Defendants also cite to *Kujawa v. Palisades Collection, LLC*, 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008) and *Williams v. Web Equity Holdings, LLC*, No. 13-CV-13723, 2014 WL 3845952 at *4 (E.D. Mich. Aug. 5, 2014). But neither of those cases discussed Article III standing at all. *Kujawa* addressed claims pursuant to defendants' motion for summary judgment under the "least sophisticated consumer" standard, which this court will discuss below when it considers whether Plaintiff has satisfied the plausible claim requirement under Rule 12(b)(6). Moreover, *Williams* involved a motion to dismiss for failure to state a claim, not a challenge to Article III standing.

Here, the conduct alleged was Defendants' act of serving a writ of garnishment on Plaintiff's employer, which included the correct social security number of the actual debtor whose name was the same as Plaintiff's. Although Plaintiff's wages were never garnished, Plaintiff claims she suffered emotional distress, refrained from selling real estate so her wages would not be garnished, contacted an attorney, and suffered embarrassment because her employer was led to believe she owed a debt that had been reduced to judgment. (Doc. 15-2 at ¶¶ 26, 32, 37-40).

Although the plausibility of these claims may be addressed under Rule 12(b)(6), or the reasonableness of these claims may be addressed in the context of a Rule 56 motion for summary judgment, they are sufficient to satisfy Article III standing now.

Defendants also rely on *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. 2007), which they claim requires that that plaintiff's alleged emotional distress damages not be "idiosyncratic and utterly implausible." But that case addressed FDCPA claims on the merits within the context of a summary judgment motion, not within the context of Article III standing.

Finally, Defendants cite to *Macy v. GC Serv. Ltd. P'ship*, 897 F.3d 747 (6th Cir. 2018) in support of their argument this court lacks standing. In that class action case, debtors sued for deficient debt collection notices which violated the FDCPA because they failed to advice debtors of the need to challenge their debts in writing. *Id.* at 751. A written dispute requires cessation of collection, and triggers debt collectors' obligation to provide additional information. *Id.* at 756. The debtors suffered no actual harm. *Id.* at 757. Nevertheless, the Sixth Circuit held plaintiffs had standing because the letters' failure to advise them of the writing

requirement gave rise to a material risk of harm to the interests recognized by Congress in enacting the FDCPA. *Id.* at 761.

Plaintiff has sufficiently alleged that she suffered a concrete and particularized injury which is fairly traceable to the Defendants. Here, Plaintiff alleges substantive injuries, both intangible emotional distress injuries, including embarrassment, as well as lost income. The Supreme Court has recognized that intangible injuries can be concrete. *Spokeo*, 136 S. Ct. at 1549. As pled, Plaintiff has Article III standing to proceed with her First Amended Complaint.

*B.     Standard of Law*

Having found that Plaintiff has standing, the court turns now to Plaintiff's motion to amend her Complaint. A district court is not required to permit an amendment if such an amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the

Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Although Defendants have not filed a motion to dismiss, both sides have thoroughly briefed the sufficiency of all of the federal claims set forth in the First Amended Complaint, including those claims pled in the original

Complaint. Accordingly, the court considers the viability of all of Plaintiff's FDCPA claims below.

C. *15 U.S.C. §§ 1692e and 1692f: False, Deceptive or Misleading Representations or Means*

Plaintiff's First Amended Complaint alleges that Defendants violated § 1692e, and subparts e(2) and e(10). Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of – the character, amount, or legal status of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Under § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f prohibits "the attempt to collect money that is not owed, because the consumer never agreed to the debt." *Wilson v. Trott Law, P.C.*, 118 F. Supp. 3d 953, 960 (E.D. Mich. 2015).

To determine whether a debt collector's practice is deceptive under § 1692e or § 1692f, the Sixth Circuit has established an objective test based on the understanding of the "least sophisticated consumer." *Wallace*

*v. Washington Mut. Bank, FA*, 683 F.3d 323, 326 (6th Cir. 2012). The least sophisticated consumer test is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (internal quotation marks and citation omitted). The question is "whether there is a reasonable likelihood that the unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters, P.C.*, 643 F.3d 169, 172 (6th Cir. 2011). The objective "least sophisticated consumer" standard, "ensured 'that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008)).

Defendants argue that under this standard, they cannot be liable as Plaintiff should have known she was not the debtor because it was not her social security number on the garnishee disclosure form. Defendants rely on numerous cases they argue are analogous, but most of those cases were decided after full factual development in the context of a motion for summary judgment. *See Kujawa*, 614 F. Supp. 2d at 791-92 (granting defendant's motion for summary judgment where release and judgment

were clearly sent to plaintiff in error where plaintiff and true debtor shared the same name but different social security numbers), *Kaniewski v. Nat'l Action Fin. Sys.,* 678 F. Supp. 2d 541, 546 (E.D. Mich. 2009) (granting defendant's motion for summary judgment where plaintiff knew that automated messages left by defendant on his phone were not directed at him).

Although one of the cases cited was decided in the context of a motion to dismiss, *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 826 (S.D. Ohio 2008), that case is distinguishable because there the victim of repeated telephone calls spoke to the debt collector directly, who assured him that he was not the correct debtor, and any phone calls he was receiving were in error. Because the question of whether a plaintiff would be misled under the "least sophisticated consumer" standard is generally a question of fact, Plaintiff has sufficiently pled her §§ 1692e and 1692f claims at this preliminary juncture. It remains possible that her claims would not survive summary judgment, but this depends on further factual development of the record. Accordingly, Plaintiff's motion to amend to bring claims under §§ 1692e and 1692f shall be granted.

*D.     15 U.S.C. § 1692c(b): Communications with Third Parties*

Plaintiff also seeks to amend her Complaint to add a claim under § 1692c(b). Section 1692c(b) prohibits a debt collector from communicating "with any third parties in connection with collecting a debt except as reasonably necessary to effectuate a postjudgment judicial remedy." The FDCPA's "ban on communicating with third parties . . . is meant to protect debtors from harassment, embarrassment, loss of job, and denial of promotion." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). Defendants argue Plaintiff cannot recover under §1692c(b) because that section only applies to consumers, and she does not qualify as a "consumer" under that section. The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Here, under the plain text of the statute, Plaintiff qualifies as a consumer as she was "allegedly obligated to pay any debt," based on the writ or garnishment procured by the Defendants in her name. *See Dunham v. Portfolio Recovery Assoc.*, 663 F.3d 997, 1002 (8th Cir. 2011) (section 1692a(3) includes individuals who are mistakenly dunned by debt collectors); *Russell v. Goldman Roth Acquisitions, LLC*, 847 F. Supp. 2d 994, 999 (W.D. Mich. 2012) (where debt collector called plaintiff repeatedly to attempt to pay a debt now owed by her, plaintiff qualified as

"consumer" under § 1692a(3)).  Also, as discussed above, the legislative history of the FDCPA reveals that Congress was concerned with cases of mistaken identity and debt collectors trying to recover from the wrong persons.

Defendants rely on *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) in support of their argument that Plaintiff does not qualify as a consumer.  In *Montgomery*, a debt collector repossessed a vehicle which the pro se plaintiff had borrowed from his mother for a debt owed by the mother alone.  *Id.* at 695.  The Sixth Circuit found the debtor's son did not qualify as a consumer under the FDCPA as he was not obligated or allegedly obligated to pay any debt.  *Id.* at 697.  The facts here are markedly distinguishable.  Here, there is a case of mistaken identity which as discussed previously, is one of the very ills the FDCPA was designed to address.  Accepting Defendant's overly narrow interpretation of "consumer" at true, would exempt collection activities directed at the wrong individual from FDCPA coverage which would undermine Congress' goals in enacting that statute to protect individuals from unlawful collection efforts.  *See Scott v. Portfolio Recovery Assoc., LLC*, 139 F. Supp. 3d 956, 966 (S.D. Iowa 2015) (plaintiff raised question of fact as to whether she

was a consumer under § 1692c(b) where defendant allegedly sought to wrongfully garnish her wages in case of mistaken identity).

Defendants also argue that Plaintiff cannot recover under §1692c(b) because she does not allege that Defendants were collecting a "debt" as that term is defined under the FDCPA. Under that Act, debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692(a)(5). But Plaintiff has sufficiently pled that the subject debt so qualifies under the FDCPA. *See* Amended Complaint, Doc. 15-2 at ¶¶ 9, 13, 45.

Finally, Defendants argue that there is no violation under § 1692c(b) because a writ of garnishment is a post-judgment remedy and serving a writ on a potential employer is "reasonably necessary" to effectuate a wage garnishment. Depending on how the proofs develop, it is certainly possible that rational jurors would find that contacting the employer of someone with the same name as the judgment debtor was reasonable under the circumstances. However, at least one court has reached the opposite conclusion in similar circumstances. *See Scott,* 139 F. Supp. 3d at 966

("reasonable jury could conclude that garnishing the wages of the wrong person is not 'reasonably necessary' to effectuate a judgment; indeed, a reasonable jury could conclude that only actions against the correct person would be necessary.") Accordingly, Plaintiff shall be granted leave to amend to pursue a claim under § 1692c(b).

E.  *15 U.S.C. § 1692d: Unfair or Unconscionable Means to Collect a Debt*

Finally, the court considers Plaintiff's motion to amend to add a claim under § 1692d. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d includes a non-exhaustive list of the types of conduct that can give rise to harassment and oppression under that section which includes, among other things, the use or threat of violence, the use of obscene language, and harassing and abusive telephone calls. 15 U.S.C.A. § 1692d. Defendants argue they cannot be liable under § 1692d because they only communicated with Plaintiff's employer once, not with Plaintiff directly, and that it followed Michigan Court Rules for the proper service of the writ of garnishment. Serving Plaintiff's employer with the writ of garnishment does not amount to harassing conduct prohibited under §

1692d.  The Sixth Circuit found that the even the filing of a debt collection lawsuit did not amount to harassing conduct covered by § 1692d as that single act was not comparable to the tactics expressly identified in the statute.  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006).

Similarly, the mistaken filing of a writ of garnishment against the wrong person is not the type of oppressive conduct sought to be prohibited in § 1692d.  *See Watkins v. Peterson Enters.*, 57 F. Supp. 2d 1102, 1109 (E.D. Wa. 1999) (holding that the serving of writs of garnishment that overstated the debt by including costs and fees associate with prior unsuccessful writs was not an abusive practice because the types of behavior described in § 1692d "are a far cry from that at issue.").  Even cases involving numerous and repeated telephone calls have been found to be insufficient to give rise to liability under § 1692d.  *See Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, *10 (E.D. Mich. June 29, 2010) (350 calls in an eight month period, although plaintiff only answered ten calls, even after the plaintiff asked the collector to cease calling, found insufficient as a matter of law to establish violations of § 1692d); *Williams v. Web Equity Holdings,* LLC, No. 2:13-cv-13723, 2014 WL 3845952, at *4 (E.D. Mich. Aug. 5, 2014) (five calls a month to father

who shared same name as debtor not harassing).  Here, Plaintiff relies on one discreet act on the part of Defendants: namely serving the writ on Plaintiff's employer.  This is not analogous to the egregious types of prohibited behavior identified in the statute or recognized by case law.  Accordingly, Plaintiff's claim under § 1692d shall be dismissed.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to amend (Doc. 15) is GRANTED IN PART in that she is allowed to proceed with FDCPA claims under §§ 1692e, 1692f, and 1692c(b), and there being no objection to the addition of claims under the Michigan Collection Practices Act, M.C.L. §§ 445.252(e)(i)(n)(q), Plaintiff's motion to amend is GRANTED IN PART as to the supplemental state law claims.

IT IS FURTHER ORDERED that Plaintiff's motion to amend (Doc. 15) is DENIED IN PART in that Plaintiff cannot proceed with her claim under § 1692d.  IT IS FURTHER ORDERED that Plaintiff file her First Amended Complaint to be consistent with this court's rulings here within five (5) business days of the date of entry of this Order.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (Doc. 18) is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: June 19, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---