UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA D. ROE,

              Plaintiff,

                                   Case No.  18-CV-13536
vs.                             HON.  GEORGE CARAM STEEH

ROOSEN, VARCHETTI
& OLIVIER, PLLC,

              Defendant.
_____/

ORDER GRANTING DEFENDANT ROOSEN, VARCHETTI
& OLIVIER, PLLC'S MOTION FOR SUMMARY
JUDGMENT (Doc. 63) AND DISMISSING SUPPLEMENTAL
STATE LAW CLAIMS WITHOUT PREJUDICE

      Plaintiff Angela Roe brought this suit against Defendants Roosen,

Varchetti & Olivier, PLLC, ("RVO" or "Defendant"), and Credit Acceptance

Corporation's ("Credit Acceptance") for their attempts to garnish her wages

for a debt not owed by her in alleged violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p, and under Michigan

law.  Defendant Credit Acceptance has been dismissed by agreement of

the parties.  Now before the court is RVO's motion for summary judgment

as to the federal claims only.  Because RVO is entitled to the bona fide

error defense, RVO's motion for summary judgment shall be granted.

## I. Factual Background

RVO is a collection agency, and Credit Acceptance is an auto finance company which provides automobile loans.  Credit Acceptance obtained a judgment against a debtor by a person other than the Plaintiff with the same name of Angela Roe.  On October 20, 2015, RVO obtained a judgment in favor of its client, Credit Acceptance, and against Angela Roe in the amount of $11,476.83.  (ECF No. 63-1).  On October 15, 2018, RVO applied for and received a writ of garnishment in Michigan's 91st Judicial District. (ECF No. 63-3). The garnishee was identified as National Realty Centers, Inc. ("National Realty").  *Id.*  The writ included the full social security number of the judgment debtor.  (ECF No. 63-3).  Plaintiff works for National Realty as a real estate agent on a commission basis.  (ECF No. 63-9, PageID.544).  The writ was served on National Realty in late October of  2018. (ECF No. 63-9, PageID.545). The writ was processed by Sara Thompson, National Realty's Administrative Director.  *Id.*

Although the social security number was on the writ, Thompson did not compare it to the social security number on filed for Plaintiff.  *Id.* at 544-45.  Thompson completed a garnishee disclosure indicating that National Realty did not currently owe Plaintiff any commissions.  (ECF No. 63-10). National Realty sent a copy of its garnishee disclosure form to Plaintiff on

October 31, 2018.  (ECF No. 63-9, PageID.545).  According to Plaintiff, receipt of the garnishee disclosure form caused her to be extremely confused and emotionally distressed.  She tried to speak to Defendants about the debt, but when she could not provide the correct verifying information, namely the social security number, they would not speak to her.

Plaintiff called her broker at National Realty, Craig Lescoe, and told him she was not the judgment debtor.  (ECF No. 63-12, PageID.557).  Lescoe then called Thompson, and relayed his call with Plaintiff.  (ECF No. 63-9, PageID.545).  She then compared the social security numbers, recognized the error, contacted RVO and submitted an amended disclosure form on November 6, 2018.  *Id.*  The form indicated that it did not employ the Angela Roe identified on the writ.  (ECF No. 63-4)

On November 13, 2018, Plaintiff filed this lawsuit.  Plaintiff admits her wages were never garnished. (ECF No. 63-5, PageID.525).  Plaintiff did not learn of the amended garnishee disclosure form until February 25, 2019.  Plaintiff alleges she refrained from selling real estate during this time period for fear her wages would be garnished.

Count I of Plaintiff's Amended Complaint alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692c(b), § 1692e(2) and (10), § 1692f,

and Count II alleges related state law claims pursuant to the Michigan

Collection Practices Act.  Defendant seeks summary judgment as to the

federal FDCPA claims pled in Count I only.

## II. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render

summary judgment "forthwith if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  *See Redding v. St.*

*Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has

affirmed the court's use of summary judgment as an integral part of the fair

and efficient administration of justice.  The procedure is not a disfavored

procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986);

*see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir.

1995).

The standard for determining whether summary judgment is appropriate is

"'whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield*

*Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty*

- 4 -

*Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing*

*Anderson*, 477 U.S. at 252).

## III. Analysis

Defendant argues it is shielded from liability under the FDCPA under the Act's bona fide error defense.  15 U.S.C. § 1692k(c).  In order to qualify for the defense, a debt collector must prove by a preponderance of the evidence that (1) the violation was unintentional, (2) the violation was the result of a bona fide error, and (3) the debt collector maintained procedures to avoid any such errors.  *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992) (citing 15 U.S.C. § 1692k(c)).   Plaintiff concedes the first two elements of the defense are met, and argues only that the third is lacking.

Defendant argues that its reliance on the creditor, Credit Acceptance, to provide the judgment debtor's employment information was reasonable. Its garnishment review policy requires that the writ be reviewed by an attorney,  in this case, Lynn Olivier.  But RVO relies on creditors like Credit Acceptance to verify employment information, which it asserts is reasonable given that creditors typically verify employment when they extend credit and have on-going communications with the debtor during the business relationship.  The court agrees.

In *Transworld Systems*, the Sixth Circuit ruled that the bona fide error defense shielded the debt collector from liability where the collection agency relied on inaccurate information its client provided as to the existence and amount of debt which the debtor had already satisfied. *Id.* at 1031-32. The Sixth Circuit rejected the debtor's argument that Transworld should have conducted an independent investigation of the debt referred to it for collection to determine the accuracy of the debt, finding that Transworld's forms instructing creditors to claim only amounts legally due and owing was a sufficient procedure to avoid such errors. *Id.* at 1032. Similarly, in this case RVO maintained a garnishment review policy which required attorney review of writs. For the reasons argued by RVO, its policy of not reinvestigating employment information verified by its clients, who were in the best position to ascertain a debtor's employer, was not unreasonable.

The Sixth Circuit and district courts within the Sixth Circuit have found a debt collector's reliance on its creditor clients to supply accurate information regarding the amount and related information regarding a debt is a reasonable procedure justifying application of the bona fide error defense. *See Lewis v. ACB Bus. Serv., Inc.,* 135 F.3d 389, 401 (6th Cir. 1998) (finding bona fide error defense applicable where defendant's client

- 7 -

made error in coding account as "new" rather than as previously referred for collection); *Edwards v. McCormick*, 136 F. Supp. 2d 795, 804 (S.D. Ohio 2001) (finding bona fide error defense applicable where debt collector reasonably relied on incorrect information supplied by creditor that individual was a financially responsible party); *Moya v. Hocking*, 10 F. Supp. 2d 847, 851 (W.D. Mich. 1998) (finding bona fide error defense applicable where debt collector reasonably relied on incorrect information regarding account transaction dates supplied by client creditor).  In none of the above cited cases, did the courts require the credit agency to conduct its own investigations, but found the bona fide error defense applied where the agency relied on information supplied by its clients.

Plaintiff argues the Eleventh Circuit's holding in *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1275 (11th Cir. 2011) stands for the proposition that a debt collector cannot merely rely on information provided by a creditor, but most perform its own investigation.  But *Owen* is readily distinguishable because in that case, the inaccuracy of the interest deemed owing was discernible on the face of the documents supplied by the creditor.  For the reasons set forth above, RVO is shielded by the bona fide error defense. Accordingly, the court does not reach RVO's other arguments, and its motion for summary judgment shall be granted.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment as to Count I of the First Amended Complaint (ECF No. 63) is GRANTED.  Having dismissed all of the federal claims, the court declines to exercise jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3).  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521-22 (6th Cir. 2007); *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Accordingly, the supplemental state law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated:  April 15, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 15, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---